## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
## LEXINGTON DIVISION

| | | |
|---|---|---|
| GENCANNA GLOBAL USA, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. _____ |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| JENCO INDUSTRIAL SALES & | ) | Jury Trial Demanded |
| SERVICES, LLC, and EDWARD J. | ) | |
| SIEJA, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff GenCanna Global USA, Inc. ("GenCanna"), by and through its undersigned counsel, brings this action against Defendants Jenco Industrial Sales & Services, LLC ("Jenco") and Edward J. Sieja ("Sieja") (together, "Defendants") for breach of contract, fraud, promissory estoppel, and unjust enrichment, and alleges as follows:

### NATURE OF THE ACTION

1.      Defendants held themselves out as legitimate dealers of industrial equipment when in fact they are nothing but frauds. Specifically, Defendants Jenco and its principal Edward Sieja duped GenCanna into making millions of dollars of payments for industrial equipment that Defendants had no intention of ever delivering.

2.      Defendants fraudulently induced GenCanna to contract with Jenco to purchase three chillers and six molecular three-stages distillation units to be used in GenCanna's non-intoxicating cannabidiol ("CBD") extraction and distillation business. For many months, GenCanna has made payments for these units, but to this day Defendants still have not delivered a single functioning unit. Recently, Defendants admitted what they secretly knew all along—that Defendants have no plan of ever performing what they promised under the contract.

20478509.1

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The parties are citizens of different States, and the amount in controversy exceeds $75,000.

4.      This Court has personal jurisdiction over each of the Defendants because they have availed themselves of the benefits and privileges of doing business in Kentucky, and the exercise of jurisdiction over them would not offend traditional notions of fair play.

5.      Venue is proper in the Eastern District of Kentucky pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise the claims occurred in this District.

## PARTIES

6.      Plaintiff GenCanna Global USA, Inc. is a Delaware corporation with its principal place of business at 321 Venable Road, Winchester, Kentucky.

7.      Defendant Jenco Industrial Sales & Services, LLC is a Louisiana limited liability company with its principal place of business at 1420 Louise Street, Alexandria, Louisiana, and, on information and belief, its sole member resides at the same address.

8.      Defendant Edward J. Sieja is a citizen of Louisiana residing at 1420 Louise Street, Alexandria, Louisiana, and, on information and belief, is the sole member of Jenco Industrial Sales & Services, LLC.

## FACTS

9.      GenCanna is in the business of extracting and distilling CBD (legal and non-intoxicating) from industrial hemp. This is currently a booming but highly competitive industry.

10.     Jenco held itself out as a legitimate and experienced dealer in industrial equipment, including the kinds of equipment necessary to extract and distill CBD from industrial hemp.

2

11.     Sieja is the principal of Jenco and likewise held himself out as a legitimate and experienced dealer in industrial equipment. Unbeknownst to GenCanna, Sieja (a part-time police officer at the time) had been arrested for felony theft of police property in 2016.

12.     In and around September 2018, Defendants promised to provide GenCanna with certain industrial equipment essential to its business—specifically, three chillers and six molecular three-stages distillation units necessary to extract and distill CBD from hemp.

13.     When Defendants made this promise, they had no intention of performing it. Rather, Defendants were engaged in a scheme to dupe GenCanna and string it along for months, fraudulently inducing GenCanna to make millions of dollars of payments for equipment that Defendants would never deliver in any functioning form.

14.     Defendants and GenCanna executed a series of purchase orders memorializing their agreement that Defendants would sell and GenCanna would buy the three chillers and six molecular three-stages distillation units promised by Defendants. (**Exhibit 1**.) The purchase orders constitute a valid and enforceable contract.

15.     Between September 2018 and May 2019, GenCanna made numerous payments for this equipment promised by Defendants, totaling over $2,290,166.

16.     Defendants eventually delivered one chiller. However, the chiller delivered by Defendants was not functional. Defendants represented that they would take back the non-functioning chiller and refund GenCanna's money. However, despite numerous requests, Defendants have not told GenCanna where to send the chiller, nor have they refunded the money.

17.     Likewise, Defendants eventually delivered one molecular distillation unit. However, the distillation unit delivered by Defendants also was not functional. Again, Defendants kept the money GenCanna had paid for the non-functioning distillation unit.

20478509.1

18.     GenCanna has now paid Defendants over $2,290,166 for the promised equipment, yet Defendants have not delivered a single functioning chiller or molecular distillation unit. Even worse, Defendants have now indicated that they have no intention of delivering any such equipment in the future.

19.     As a result of Defendants' failure to deliver the equipment they had promised, GenCanna will be unable to process millions of dollars of CBD during the current harvest season. It is now too late for GenCanna to obtain the equipment from another source because of the long lead time required to manufacture and/or procure the equipment, which is in high demand. This outcome was foreseeable and in fact known to Defendants when they made their false promises to provide the equipment in a timely manner.

20.     Defendants' conduct alleged herein has caused and will continue to cause GenCanna to lose millions of dollars, far in excess of the $2,290,166 GenCanna has already paid for the equipment promised.

### COUNT I — BREACH OF CONTRACT

21.     GenCanna incorporates by reference the allegations in paragraphs 1-20 as though fully set forth herein.

22.     Defendants entered into a contract with GenCanna to provide three chillers and six molecular three-stages distillation units.

23.     Defendants breached the contract with GenCanna by failing to provide any of the equipment required under the contract in any functioning form.

24.     Defendants' breach of the contract has caused GenCanna to suffer damages in an amount to be proven at trial, but no less than $2,290,166.

4

## COUNT II — FRAUD

25.     GenCanna incorporates by reference the allegations in paragraphs 1-20 as though fully set forth herein.

26.     Defendants represented to GenCanna that they would provide GenCanna with three chillers and six molecular three-stages distillation units.

27.     Defendants' representation to GenCanna was false because Defendants had no intention of ever delivering this equipment in any functional form.

28.     Defendants knew their representation to GenCanna was false when they made it.

29.     Defendants intended to induce GenCanna to act in reliance on the false representation.

30.     GenCanna relied upon Defendants' false representation by paying Defendants $2,290,166 and by foregoing opportunities to obtain the equipment from another source.

31.     GenCanna has been injured as result of its reliance on Defendants' false representation.

## COUNT III — PROMISSORY ESTOPPEL

32.     GenCanna incorporates by reference the allegations in paragraphs 1-20 as though fully set forth herein.

33.     Defendants promised to provide GenCanna with three chillers and six molecular three-stages distillation units.

34.     Defendants expected to induce GenCanna's reliance on its promise to provide GenCanna with three chillers and six molecular three-stages distillation units.

35.     Gencanna relied on Defendants' promise by paying Defendants $2,290,166 and by foregoing opportunities to obtain the equipment from another source.

20478509.1

36.     Injustice can be avoided only by enforcement of Defendants' promise to provide GenCanna with three chillers and six molecular three-stages distillation units.

## COUNT IV — UNJUST ENRICHMENT

37.     GenCanna incorporates by reference the allegations in paragraphs 1-20 as though fully set forth herein.

38.     GenCanna conferred a benefit upon Defendants at GenCanna's expense by paying Defendants $2,290,166.

39.     Defendants have appreciated the benefit conferred by GenCanna by retaining the $2,290,166.

40.     Defendants' retention of the benefit of the $2,290,166 paid by GenCanna without providing any of the equipment ordered by GenCanna would be inequitable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff GenCanna respectfully requests and prays that this Court enter judgment in GenCanna's favor against all Defendants as follows:

(a.)     Ordering specific performance of Defendants' promise to provide GenCanna with three chillers and six molecular three-stages distillation units;

(b.)     Awarding GenCanna damages in an amount to be proven at trial, but no less than $2,290,166.

(c.)     Awarding GenCanna punitive damages;

(d.)     Awarding GenCanna its attorneys' fees and costs;

(f.)     Ordering such other relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff GenCanna hereby requests a trial by jury on all issues so triable.

20478509.1

Respectfully submitted,

GENCANNA GLOBAL USA, INC.

*/s/ V. Brandon McGrath*
V. Brandon McGrath
BINGHAM GREENEBAUM DOLL LLP
2350 First Financial Center
255 East Fifth Street
Cincinnati, Ohio  45202
Telephone:  (513) 455-7641
bmcgrath@bgdlegal.com

G. Christopher Van Bever
BINGHAM GREENEBAUM DOLL LLP
300 West Vine Street, Suite 1200
Lexington, Kentucky 40507
Telephone:  (859) 231-8500
Fax:  (859) 255-2742
cvanbever@bgdlegal.com

David D. Pope *(Pro hac pending)*
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
71 South Wacker Drive
Chicago, Illinois 60606
(312) 212-4940
dpope@beneschlaw.com

*Attorneys for Plaintiff*
*GenCanna Global USA, Inc.*

7