# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

**CASE NO.:  5:19-CV-00387-DCR**

| | | |
|---|---|---|
| GENCANNA GLOBAL USA, INC. | ) | |
| *Plaintiff* | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | **ANSWER** |
| | ) | **and** |
| | ) | **COUNTERCLAIM** |
| | ) | |
| | ) | |
| JENCO INDUSTRIAL SALES & | ) | |
| SERVICES, LLC, | ) | |
| and | ) | |
| EDWARD J.SIEJA | ) | |
| *Defendants* | ) | |

\* \* \* \* \* \* \* \* \* \* \* \*

Without generally submitting to the personal jurisdiction of the Court, Defendants, JENCO INDUSTRIAL SALES & SERVICES, LLC (*"Jenco"*) and EDWARD J.SIEJA (*"Sieja"*) respond the Complaint as follows:

1.     The allegations contained within Paragraph 1 of the Complaint are false, not pled in good faith in violation of FRCP 11(b), fail to conform with the requirements of FRCP 9(b), and should be stricken from the pleading.  The Defendants, Jenco and Sieja, admit only so much of Paragraph 1 of the Complaint that they are in fact "legitimate dealers of industrial equipment" but deny all of the remaining allegations contained within Paragraph 1 of the Complaint.  Contrary to the false allegations of the Plaintiff, conforming equipment was delivered to the Plaintiff, and successfully installed in operating condition and the Plaintiff breached its obligation to pay for all of the equipment purchased and services provided by the Plaintiff.

2.      The allegations contained within Paragraph 2 of the Complaint are false, not pled in good faith in violation of FRCP 11(b), fail to conform with the requirements of FRCP 9(b), and should be stricken from the pleading.  Defendants, Jenco and Sieja, deny all of the allegations contained within Paragraph 2 of the Complaint.  The Plaintiff sought out Jenco to purchase the equipment, and thereafter conforming equipment was delivered to the Plaintiff, successfully installed in operating condition, and accepted by the Plaintiff.  The Plaintiff made repeated promises to pay for the equipment and despite its constant assurances, failed to pay Jenco for equipment purchased by the Plaintiff.

3.      Defendants, Jenco and Sieja admit only so much of Paragraph 3 of the Complaint that they are not citizens of Kentucky and the amount in controversy exceeds $75,000.

4.      Defendants, Jenco and Sieja, deny all of the allegations contained within Paragraph 4 of the Complaint and assert this Court does not have personal jurisdiction over the Defendants.

5.      Defendants, Jenco and Sieja, deny all of the allegations contained within Paragraph 5 of the Complaint.

6.      Defendants, Jenco and Sieja lack the knowledge or information sufficient to form a belief about the truth of the allegation set forth within Paragraph 6 of the Complaint.

7.      Defendant Jenco admits Paragraph 7 of the Complaint.

8.      Defendant Sieja admits Paragraph 8 of the Complaint.

9.      Defendants, Jenco and Sieja admit only so much of Paragraph 9 of the Complaint that GenCanna represented itself as being in the business of extracting and distilling CBD from industrial hemp. The remainder of Paragraph 9 requires no response.

10.     Defendants, Jenco and Sieja admit only so much of Paragraph 10 that Jenco is "a legitimate and experienced dealer in industrial equipment" but denies any specific representation

was made regarding a specialty and denies any implication of wrongdoing contained within the paragraph.

11.     Defendants, Jenco and Sieja admit only so much of Paragraph 11 that Sieja is "a legitimate and experienced dealer in industrial equipment" but denies any specific representation was made regarding a specialty and denies any implication of wrongdoing contained within the paragraph.  As to the remainder of Paragraph 11, the statements are irrelevant, inadmissible, not set forth in good faith in violation of FRCP 11(b), and should be stricken from the pleading.

12.     Defendants, Jenco and Sieja admit only so much of Paragraph 12 of the Complaint that the Plaintiff sought out Jenco to buy certain items of equipment.  The Plaintiff placed multiple orders for equipment with Defendant Jenco, and Jenco agreed to sell the equipment to the Plaintiff upon different terms of payment.  The Defendants deny any inference the Defendants promised to supply equipment that would be "essential to its business."  The Plaintiff breached the terms of sale by failing to pay for items purchased by the Plaintiff.  The Defendants deny any implication of wrongdoing contained within the paragraph.

13.     The allegations contained within Paragraph 13 of the Complaint are false, not pled in good faith in violation of FRCP 11(b), fail to conform with the requirements of FRCP 9(b), and should be stricken from the pleading.  Defendants, Jenco and Sieja, deny all of the allegations contained within Paragraph 13 of the Complaint.  In addition, conforming equipment was delivered to the Plaintiff, and successfully installed in operating condition, which the Plaintiff either damaged; failed to properly operate, clean, or maintain; improperly altered; or otherwise caused all deficiencies and problems alleged by the Plaintiff.  The Plaintiff failed to pay for the equipment, representing on numerous occasions, over a period of months, that payment would be forthcoming, misrepresenting its ability to pay and finally acknowledging its financial difficulties after default.

14.     Defendants, Jenco and Sieja admit only so much of Paragraph 14 of the Complaint that there were multiple purchase orders placed by the Plaintiff to purchase equipment from Jenco, which Jenco agreed to sell the equipment to the Plaintiff for the quoted price, but the Plaintiff breached the agreement by failing to pay for the equipment, parts and services.  The Defendants deny the purchase orders constitute a contract incorporating provisions asserted by the Plaintiff.

15.     Defendants, Jenco and Sieja admit only so much of Paragraph 15 of the Complaint that some payments were made to Jenco, but the Plaintiff failed to make all payments as required, it breached its promise to pay.

16.     Defendants, Jenco and Sieja admit only so much of Paragraph 16 of the Complaint that multiple pieces of equipment were delivered to the Plaintiff, including a chiller, but deny all of the remaining allegations contained within Paragraph 16 of the Complaint.  The chiller was operational, but the Plaintiff damaged the unit; failed to properly operate, clean, or maintain the chiller; improperly altered the equipment; or otherwise caused all deficiencies alleged of the equipment.

17.     Defendants, Jenco and Sieja admit only so much of Paragraph 17 of the Complaint that a molecular distillation unit was delivered, but deny all of the remaining allegations contained within Paragraph 17 of the Complaint.  The molecular distillation unit was operational and commissioned, but the Plaintiff damaged the unit; failed to properly operate, clean, or maintain the molecular distillation unit; improperly altered equipment; or otherwise caused all deficiencies alleged of the equipment.  Defendants, Jenco and Sieja arranged for warranty work to be performed on the equipment on site by the manufacturer of the equipment.

18.     Defendants, Jenco and Sieja admit only so much of Paragraph 18 of the Complaint that some payments were made to Jenco, but deny all of the remaining allegations contained within

Paragraph 18 of the Complaint.  Equipment was delivered and installed operationally ready, subject to proper operation and maintenance, but the Plaintiff damaged; failed to properly operate, clean, or maintain the equipment; improperly altered equipment; or otherwise caused all deficiencies alleged of the equipment.  The Plaintiff requested to delay delivery of equipment and then failed to pay for the equipment.

19.     Defendants, Jenco and Sieja, deny all of the allegations contained within Paragraph 19 of the Complaint.  Whatever delay allegedly suffered by the Plaintiff is the direct result of its own failure to pay or request to delay delivery; damage to the equipment by the Plaintiff; failure by the Plaintiff to properly operate, clean, or maintain the equipment; the Plaintiff improperly altering the equipment; or otherwise the Plaintiff caused all deficiencies alleged of the equipment and caused its own losses.  In addition, the general financial condition of the Plaintiff and its failure to properly conduct operations appear to be the sole or principal cause of its inability to operate the equipment or the damage to the equipment.

20.     Defendants, Jenco and Sieja, deny all of the allegations contained within Paragraph 20 of the Complaint.  Whatever damages are alleged to have been suffered by the Plaintiff are the result of actions or omissions of the Plaintiff, or were and are otherwise caused by the Plaintiff, or due to its own incompetence in operations and management, or caused by others not including the Defendants.

21.     Paragraph 21 of the Complaint requires no separate response by Defendants, Jenco and Sieja.  To the extent the Plaintiff asserts Paragraph 21 sets forth any claim against Defendants, each Defendant denies all of Paragraph 21 of the Complaint, and as necessary incorporates all other statements and provisions of this Answer.

22.     Defendants, Jenco and Sieja admit only so much of Paragraph 22 of the Complaint that the Plaintiff contacted Defendant Jenco to purchase some equipment, Jenco agreed to sell some equipment to the Plaintiff, delivered conforming equipment to the Plaintiff, installed equipment in operating condition, and the Plaintiff accepted the equipment, but deny any implication of wrongdoing contained within the paragraph.  The Defendants deny the purchase orders constitute a contract incorporating provisions asserted by the Plaintiff.

23.     Defendants, Jenco and Sieja, deny all of the allegations contained within Paragraph 23 of the Complaint.  Multiple pieces of conforming equipment were delivered and installed operationally ready.  Any delay in delivery of equipment was due to an express request to not deliver equipment, due to delays in building completion or suitability.  The Defendants deny the purchase orders constitute a contract incorporating provisions asserted by the Plaintiff.

24.     Defendants, Jenco and Sieja, deny all of the allegations contained within Paragraph 24 of the Complaint.  The Defendants did not breach the agreement to sell the equipment and whatever damages are alleged to have been suffered by the Plaintiff are the result of actions or omissions of the Plaintiff, or were and are otherwise caused by the Plaintiff, or caused by others not including the Defendants.

25.     Paragraph 25 of the Complaint requires no separate response by Defendants, Jenco and Sieja.  To the extent the Plaintiff asserts Paragraph 25 sets forth any claim against Defendants, each Defendant denies all of Paragraph 25 of the Complaint, and as necessary incorporates all other statements and provisions of this Answer.

26.     Defendants, Jenco and Sieja admit only so much of Paragraph 26 of the Complaint that the Plaintiff contacted Defendant Jenco to purchase some equipment, and Jenco agreed to sell

some equipment to the Plaintiff, but deny any implication of wrongdoing contained within the paragraph.

27.    The allegations contained within Paragraph 27 of the Complaint are false, not pled in good faith in violation of FRCP 11(b), fail to conform with the requirements of FRCP 9(b), and should be stricken from the pleading.  Defendants, Jenco and Sieja, delivered equipment to the Plaintiff and placed it in operational condition, and therefore deny all of the allegations contained within Paragraph 27 of the Complaint.

28.    The allegations contained within Paragraph 28 of the Complaint are false, not pled in good faith in violation of FRCP 11(b), fail to conform with the requirements of FRCP 9(b), and should be stricken from the pleading.  Defendants, Jenco and Sieja, deny all of the allegations contained within Paragraph 28 of the Complaint.

29.    The allegations contained within Paragraph 29 of the Complaint are false, not pled in good faith in violation of FRCP 11(b), fail to conform with the requirements of FRCP 9(b), and should be stricken from the pleading.  Defendants, Jenco and Sieja, deny all of the allegations contained within Paragraph 29 of the Complaint.

30.    The allegations contained within Paragraph 30 of the Complaint are false, not pled in good faith in violation of FRCP 11(b), fail to conform with the requirements of FRCP 9(b), and should be stricken from the pleading.  Defendants, Jenco and Sieja admit only so much of Paragraph 30 of the Complaint that the Plaintiff contacted Defendant Jenco to purchase some equipment, Jenco agreed to sell some equipment to the Plaintiff, and the Plaintiff paid some, but not all of the agreed upon purchase price for the equipment.  Defendants, Jenco and Sieja deny Paragraph 30 of the Complaint to the extent the Plaintiff infers any wrongdoing contained within the paragraph.

31.     The allegations contained within Paragraph 31 of the Complaint are false, not pled in good faith in violation of FRCP 11(b), fail to conform with the requirements of FRCP 9(b), and should be stricken from the pleading.  Defendants, Jenco and Sieja, deny all of the allegations contained within Paragraph 31 of the Complaint.  Whatever damages are alleged to have been suffered by the Plaintiff are the result of actions or omissions of the Plaintiff or were and are otherwise caused by the Plaintiff, or others not including the Defendants.

32.     Paragraph 32 of the Complaint requires no separate response by Defendants, Jenco and Sieja.  To the extent the Plaintiff asserts Paragraph 32 sets forth any claim against Defendants, each Defendant denies all of Paragraph 32 of the Complaint, and as necessary incorporates all other statements and provisions of this Answer.

33.     Defendants, Jenco and Sieja admit only so much of Paragraph 33 of the Complaint that the Plaintiff contacted Defendant Jenco to purchase some equipment, and Jenco agreed to sell some equipment to the Plaintiff.  Defendants, Jenco and Sieja deny Paragraph 33 of the Complaint to the extent the Plaintiff infers any promise beyond the agreement to sell the equipment, or that they engaged in any wrongdoing as alleged within the paragraph.

34.     Defendants, Jenco and Sieja admit only so much of Paragraph 34 of the Complaint that the Plaintiff contacted Defendant Jenco to purchase some equipment, and Jenco agreed to sell some equipment to the Plaintiff.  The Defendants did not induce the plaintiff to do anything other than that which it indicated it was predisposed to do – buy equipment.  The allegations of Paragraph 34 are false, not pled in good faith in violation of FRCP 11(b), fail to conform with the requirements of FRCP 9(b) and should be stricken.  Defendants, Jenco and Sieja deny Paragraph 34 of the Complaint to the extent the Plaintiff infers any wrongdoing contained within the paragraph.

35.     Defendants, Jenco and Sieja admit only so much of Paragraph 35 of the Complaint that the Plaintiff contacted Defendant Jenco to purchase some equipment, Jenco agreed to sell some equipment to the Plaintiff, and the Plaintiff paid some, but not all of the agreed upon purchase price for the equipment.  Defendants, Jenco and Sieja deny the remainder of Paragraph 35 of the Complaint to the extent the Plaintiff infers any wrongdoing contained within the paragraph and deny there was any separate representation or promise.

36.     The statements contained within Paragraph 36 fail to set forth any allegation, and require no response.    To the extent the Plaintiff asserts Paragraph 36 sets forth any claim against the Defendants, each of Jenco and Sieja deny all of Paragraph 36 of the Complaint.  Whatever "injustice" is alleged by the Plaintiff is a false statement due to the fact that all damages "suffered" by the Plaintiff are the result of actions or omissions of the Plaintiff, or were and are otherwise caused by the Plaintiff, or by others.

37.     Paragraph 37 of the Complaint requires no separate response by Defendants, Jenco and Sieja.  To the extent the Plaintiff asserts Paragraph 37 sets forth any claim against Defendants, each Defendant denies all of Paragraph 37 of the Complaint, and as necessary incorporates all other statements and provisions of this Answer.

38.     Defendants, Jenco and Sieja admit only so much of Paragraph 38 of the Complaint that the Plaintiff contacted Defendant Jenco to purchase some equipment, Jenco agreed to sell some equipment to the Plaintiff, Jenco delivered equipment to the Plaintiff, and installed it in operating condition in exchange for consideration, but Jenco remains unpaid for the full purchase price agreed upon by the Plaintiff.  Defendants, Jenco and Sieja deny Paragraph 38 of the Complaint to the extent the Plaintiff infers any wrongdoing contained within the paragraph.

39.     Defendants, Jenco and Sieja admit only so much of Paragraph 39 of the Complaint that Plaintiff contacted Defendant Jenco to purchase some equipment, Jenco agreed to sell some equipment to the Plaintiff, and Jenco delivered equipment to the Plaintiff and installed the equipment in operating condition in exchange for consideration, but remains unpaid for the full purchase price agreed upon by the Plaintiff.  Defendants, Jenco and Sieja deny Paragraph 39 of the Complaint to the extent the Plaintiff infers any wrongdoing contained within the paragraph.

40.     The statements contained within Paragraph 40 fail to set forth any allegation, and require no response.    To the extent the Plaintiff asserts Paragraph 40 sets forth any claim against the Defendants, each of Jenco and Sieja deny all of Paragraph 40 of the Complaint.  To the extent the Plaintiff asserts no equipment was delivered, that assertion is not pled in good faith in violation of FRCP 11(b), fails to conform with the requirements of FRCP 9(b) and should be stricken. Whatever "inequity" is alleged by the Plaintiff to be possible, is a false statement due to the fact that all damages "suffered" by the Plaintiff are the result of actions or omissions of the Plaintiff, or were and are otherwise caused by the Plaintiff, or by those other than the Defendants.

### FIRST SEPARATE DEFENSE

41.     The Plaintiff has failed to state a claim for which relief can be granted.

### SECOND SEPARATE DEFENSE

42.     This Court does not have subject matter jurisdiction over the claims raised by the Plaintiff within the Complaint.  The Plaintiff has failed to properly cite applicable statutes providing jurisdiction, and the Plaintiff has failed to assert any other basis to support subject matter jurisdiction.

### THIRD SEPARATE DEFENSE

43.     This Court does not have personal jurisdiction over the Defendants.

## FOURTH SEPARATE DEFENSE

44.     The Plaintiff failed to have sufficient process issued.

## FIFTH SEPARATE DEFENSE

45.     The Plaintiff failed to properly serve process upon the Defendants and service was insufficient as performed.

## SIXTH SEPARATE DEFENSE

46.     The Eastern District of Kentucky is an improper venue for this action as no alleged violation, or acts committed by the Defendants occurred within this venue, and/or the doctrine of *forum non conveniens* requires dismissal or transfer of this action.

## SEVENTH SEPARATE DEFENSE

47.     The Plaintiff has failed to properly plead and invoke Diversity Jurisdiction.

## EIGHTH SEPARATE DEFENSE

48.     The claims of the Plaintiff are partially or wholly barred by failure of consideration.

## NINTH SEPARATE DEFENSE

49.     The claims of the Plaintiff are partially or wholly barred by the applicable Statute of Frauds.

## TENTH SEPARATE DEFENSE

50.     The claims of the Plaintiff are partially or wholly barred by the doctrine of Laches

## ELEVENTH SEPARATE DEFENSE

51.     The claims of the Plaintiff are partially or wholly barred by the doctrines of estoppel and waiver.

## TWELVETH SEPARATE DEFENSE

52.     The Plaintiff has failed to plead fraud with specificity as required by FRCP 9(b).

## THIRTEENTH SEPARATE DEFENSE

53.     The Plaintiff breached the terms of the purchase agreement with Jenco.

## FOURTEENTH SEPARATE DEFENSE

54.     The Plaintiff has failed to properly plead a claim against Defendant Sieja and Sieja is not a proper party.  The transaction was between the Plaintiff and Jenco.

## FIFTEENTH SEPARATE DEFENSE

55.     The Defendants are not the manufacturer of the products and whatever claims are made by the Plaintiff relate to manufacturing defects, or installation and service by the manufacturer, and the claims of the Plaintiff should be presented against the manufacturer as subject to the manufacturer's warranty, or the equipment was purchased "as-is" from Defendant Jenco.

## SIXTEENTH SEPARATE DEFENSE

56.     The Plaintiff has failed to join parties under FRCP 19, or name all necessary or indispensable parties, including but not limited to the manufacturers of the equipment.

## SEVENTEENTH SEPARATE DEFENSE

57.     The claims of the Plaintiff are barred in that the Plaintiff has failed to perform all conditions precedent to the obligation of Jenco to deliver the remaining equipment by failing to pay for the equipment, or breaching the terms of the agreement to purchase.  At such time as the Plaintiff complies with the terms of the agreement, including payment for the equipment, the Defendant is prepared to ship additional distillation units.

## EIGHTEENTH SEPARATE DEFENSE

58.     The equipment conformed to specifications set by the Plaintiff and to the extent there were any defects, the defects are due to faulty specifications directed by the Plaintiff.

## NINETEENTH SEPARATE DEFENSE

59.     The Plaintiff failed to properly assemble, operate, and maintain the equipment and any resulting defects, problems, or malfunctions in the equipment are due to the actions of the Plaintiff, including the negligence of the Plaintiff, or due to its indifference to the proper assembly, operation, and maintenance of the equipment.

## TWENTIETH SEPARATE DEFENSE

60.     The Plaintiff altered, modified, or otherwise damaged the equipment.   The alterations, modifications, or damage caused the problems with the equipment, and as result relieves the Defendants of any liability for the deficiencies associated with the equipment.

## TWENTY-FIRST SEPARATE DEFENSE

61.     By the actions, or omissions of the Plaintiff, the Plaintiff voided all warranties on the equipment.

## TWENTY-SECOND SEPARATE DEFENSE

62.     Any delay in the delivery of equipment was and continues to be due to:

(i) a breach of the agreement by the Plaintiff to pay for the equipment, or a repudiation of the agreement by the Plaintiff, including its breach of the obligation to timely pay and the manner it misled the Defendants about its ability and commitment to pay.  The Defendants demanded adequate assurance from the Plaintiff and the Plaintiff failed to provide same, and Jenco rightfully suspended any further performance on its part.  Due to the repudiation of the obligation to pay for the equipment, Jenco is entitled and was entitled to wait for a reasonable time to await performance.  The Plaintiff has repeatedly failed to perform as required; and/or

(ii) the Plaintiff specifically requested that Defendant Jenco not make any further shipments because the building to house the equipment was not ready; and/or

(iii)  the Plaintiff has not ordered the final two distillation units to be manufactured and shipped; and/or

(iv) the financial difficulties being experienced by the Plaintiff and the possible insolvency of the Plaintiff as it is the subject of multiple other lawsuits and claims for non-payment.

## TWENTY-THIRD SEPARATE DEFENSE

63.     The Plaintiff accepted the equipment, had an opportunity to inspect the equipment in operating condition, operated the equipment, altered or damaged the equipment, and failed to timely or properly revoke acceptance.

## TWENTY-FOURTH SEPARATE DEFENSE

64.     The equipment when delivered and commissioned worked as it is to be normally used and intended to be used and in conformance with all conditions of sale.

## TWENTY-FIFTH SEPARATE DEFENSE

65.     To the extent the Plaintiff suffered any damages, it was due to the failure to mitigate damages, or as result of the actions, or omissions of the Plaintiff, or third parties beyond the control of the Defendants.

## TWENTY-SIXTH SEPARATE DEFENSE

66.     The Plaintiffs' damages and injuries, if any, were caused and brought about by the sole or contributing negligence, or acts, of the Plaintiff, and/or persons other than the Defendants but beyond the control of the Defendants.

## TWENTY-SEVENTH SEPARATE DEFENSE

67.     Unauthorized alterations and modifications, including the failure to observe routine care and maintenance, or circumstances beyond the control of the Defendants were the sole cause, or a substantial cause of the performance issues alleged by the Plaintiff occurring in the equipment, resulting in the damages asserted by the Plaintiff, and the Defendants have no liability for the claimed damages.

## TWENTY-EIGHTH SEPARATE DEFENSE

68.     To the extent applicable, the Defendants rely upon the Kentucky Product Liability Act, KRS §411.300 *et seq*., as a complete bar to the Plaintiffs' complaint.

## TWENTY-NINTH SEPARATE DEFENSE

69.     To the extent applicable, the Defendants rely upon all defenses set forth within the Kentucky Commercial Code, Chapter 355 of the Kentucky Revised Statutes, to some or all of the allegations of the Plaintiff herein.

## THIRTIETH SEPARATE DEFENSE

70.     The Plaintiff has failed to properly plead grounds to recover punitive damages and in any event, punitive damages are not allowed, or are limited in application.

## THIRTY-FIRST SEPARATE DEFENSE

71.     The Plaintiff seeks to recover all funds paid and to receive the equipment, but the Plaintiff may not recover all funds paid and receive the equipment as a double recovery.

## THIRTY-SECOND SEPARATE DEFENSE

72.     The Plaintiff has failed to properly plead the basis for claims arising under the principles of promissory estoppel and unjust enrichment.  The Plaintiff must elect which claim it seeks to pursue, including cancellation or rescission of the purchase agreement, or an equitable recovery.

WHEREFORE, the Defendants, JENCO INDUSTRIAL SALES & SERVICES, LLC and EDWARD J.SIEJA demand as follows:

1.      The Complaint be dismissed with prejudice;

2.      Judgment be entered in favor of each Defendant and awarding Defendants all relief sought in Counterclaim;

3.      Trial by jury on all issues that may be presented before a jury;

4.      The Defendants be awarded all of their fees, costs and expenses incurred;

6.      The Defendants be awarded their reasonable attorneys' fees incurred; and

7.      Any and all other relief to which the Defendants, JENCO INDUSTRIAL SALES & SERVICES, LLC and EDWARD J.SIEJA may appear entitled.

# COUNTERCLAIM

For their Counterclaim, the Defendants, JENCO INDUSTRIAL SALES & SERVICES, LLC and EDWARD J.SIEJA state as follows:

1.      Unsolicited, the Plaintiffs sought out Defendant, Jenco, to purchase certain items of equipment to be used by the Plaintiff in its processing operations.

2.      There were multiple orders placed by the Plaintiff.  Following the orders and in reliance upon the promises of the Plaintiff to pay for the equipment, Defendant Jenco purchased equipment from manufacturers, and paid for the equipment to fill the GenCanna order.

3.      When the Plaintiff indicated it could not purchase all of the equipment upon immediate terms of payment, Defendant, Jenco, agreed to sell various items of equipment (not all) to the Plaintiff upon terms that the Plaintiff would pay the purchase price with a deposit and make periodic payments to be applied toward the remainder of the purchase price.

4. Various items of equipment were delivered by Defendant Jenco to the GenCanna designated sites. The equipment was installed and commissioned as operating in accordance with manufacturer's specifications and to the satisfaction of GenCanna. No notice of revocation was given by GenCanna.

5. Repeatedly, the Plaintiff GenCanna caused damage to the equipment by failing to properly operate, clean, or maintain the equipment, and/or by modifying or improperly altering the equipment.

6. The Plaintiff made assertions, representations, and promises to make payments, to induce the Defendant to deliver more equipment, or provide replacement parts, or provide services, even as GenCanna failed to make the required and promised payments.

7. The Plaintiff failed to make all interim payments, even while incurring additional charges due to damages to the equipment caused by the Plaintiff, requiring repairs and shipment and installation of replacement parts for which the Plaintiff failed to pay for the parts and services.

8. Final delivery of distillation units have not been scheduled due to multiple issues. First, the Plaintiff directed that shipments be delayed due to a building not being complete and ready for delivery of the units. Second, the Plaintiff has not "ordered" the final two distillation units to be fabricated and delivered. Third, the Plaintiff has failed to pay for equipment already delivered.

9. Two distillation units are and have been ready to ship to the Plaintiff, awaiting payment.

10. The two distillation units that are assembled but not delivered were ordered from the manufacturer at the direction of the Plaintiff. Defendant Jenco has paid the manufacturer for these units.

11.     The Defendant Jenco elected to suspend further delivery of any equipment due to a failure by the Plaintiff to provide adequate assurance of performance after reasonable grounds for insecurity arose due to the repeated failure by the Plaintiff to make the promised payments.

12.     The Defendant Jenco, learned of financial difficulties being experienced by the Plaintiff and the possible insolvency of the Plaintiff as it is the subject of other lawsuits and claims for non-payment.  As result, Defendant Jenco had the right to refuse further delivery except for payment in cash.

## COUNT 1

### Failure to Pay For Goods
### Breach of Contract

To the extent necessary, the Defendants Jenco and Sieja adopt by reference all other statements and information contained within this Answer and Counterclaim as necessary to support the following claims.

13.     At the request of the Plaintiff, Defendant Jenco agreed to sell the Plaintiff equipment based upon immediate payment for some of the equipment and services, or upon terms of payment as reflected within the written invoices, where the installment payment was applicable.

14.     The terms of installment payment, where applicable, were sought by and agreed to by the Plaintiff.  The Plaintiff acknowledges the terms of payment relating to the distillation units as set forth within collective Exhibit 1 attached to the Complaint.

15.     The purchase of the first distillation unit described within the first page of Exhibit 1, sets out a purchase price of $630,000.00 with terms of payment described.  The Plaintiff has failed to pay all installments for the purchase of the first unit.  The Defendant Jenco remains unpaid in the amount of $300,000 for the unit.

16.     Within Invoice J100547, dated 11/27/18, the second page of Exhibit 1, the Plaintiff admits to the agreed upon payment schedule set forth on the invoice as follows:

Terms and Conditions:
50% Down ( December 1st 2018 )
$158,333.33 a month for 12 months starting January 1st 2019

17.     As part of the Exhibit, the Plaintiff has included handwritten notations.   The Plaintiff notes payments as follows:

January 4, payment of $158,333.33
February 1, payment of $158,333.33
March 1, payment of $158,333.33
April 15, payment of $79,166.60
May 7, payment of $25,000.00

18.      The notations are an admission of a breach of the obligation to timely pay as agreed upon by the Plaintiff, admitting that as soon as April of 2019, the Plaintiff was in default after making only three of the twelve required monthly payments.  The Plaintiff is in default in the amount of $1,320,833.37 for the purchase of the additional distillation units.

19.     The Plaintiff breached its promise to pay to Defendant Jenco the amounts necessary for the purchase of various pieces of equipment that have been delivered, commissioned, and accepted.

20.     Defendant Jenco was required to purchase additional parts and provide repair services for equipment delivered and commissioned for the Plaintiff, but where the Plaintiff caused damages to the equipment.  The Defendant Jenco has not been paid for these parts and services.

21.     Defendant Jenco is owed the liquidated amount of $1,548,438.27 for goods and services, ordered by the Plaintiff, and/or delivered and provided to the Plaintiff, for which it has not yet been paid, and pre-judgment and post judgment interest.

22.     Defendant Jenco has hired outside counsel to recover the liquidated sum of $1,548,438.27 and is entitled to recover its reasonable attorneys' fees incurred in the collection of that amount.

## COUNT 2
### Liquidation of Equipment

To the extent necessary, the Defendants Jenco and Sieja adopt by reference all other statements and information contained within this Answer and Counterclaim as necessary to support the following claims.

23.     Defendant Jenco is owed the liquidated amount of $1,548,438.27 for goods and services ordered by the Plaintiff, for which Jenco has not yet been paid.

24.     For the items ordered by GenCanna and not yet delivered, Jenco desires to resell these units in good faith and in a commercially reasonable fashion, in accordance with the provisions of the Uniform Commercial Code, to recover its costs and expenses incurred, and its lost profit.

25.      Jenco is entitled to an order allowing it to sell all of the equipment in good faith and in a commercially reasonable fashion.

26.     The Plaintiff is liable to the Defendant Jenco for the difference in the resale price obtained and the amount agreed to by the Plaintiff for all equipment sold.

27.     In addition to the sales price for the equipment (or the difference to the resale price gained) Defendant Jenco is entitled to recover its incidental damages, expenses, and costs suffered or incurred.

## COUNT 3
## Slander, Libel and Defamation

To the extent necessary, the Defendants Jenco and Sieja adopt by reference all other statements and information contained within this Answer and Counterclaim as necessary to support to support the following claims.

28.     The Plaintiff has made false and baseless allegations of criminal wrongdoing by the Defendants accusing them of fraudulent behavior, or that the intent of the Defendants was to engage in acts of fraud, or that Defendant Sieja otherwise engaged in illegal actions.

29.     The allegations of the Plaintiff regarding both Defendants Jenco and Sieja are false and were not made in good faith.  The assertions were made merely for the improper purpose of gaining an advantage in civil litigation and resulted in causing injury to the Defendants.

30.     The allegations of the Plaintiff regarding both Defendants Jenco and Sieja are not pertinent, nor material to the matter at issue in this case, as the allegations of the Plaintiff deal solely with an alleged breach of contract to deliver equipment to the Plaintiff as evidenced by the allegations of Count I of the Complaint.

31.     Even though Plaintiff asserts lack of delivery of equipment and delivery of faulty equipment, the actual factual basis of the claims of the Plaintiff are false, in that the Plaintiff failed to perform under the terms of the purchase agreements and caused whatever injury alleged to have been suffered by the Plaintiff.

32.     The falsity of the claims within the Complaint is known to the Plaintiff.

33.     The fraud allegations contained within the Complaint fail to meet the requirement of particularity set forth within FRCP 9(b), utilizing only conclusory allegations.

34.     The statements made by the Plaintiff were not made in good faith.

35.     Defendant Sieja is not a party to the agreement to sell the equipment to the Plaintiff as the agreement was entered into with Jenco.

36.     The Plaintiff has deliberately and with malice attacked, impugned, and maligned the character of both defendants, by asserting allegations of fraud against the defendants within its Complaint, with intent injure the Defendants and gain an impermissible advantage in civil litigation.

37.     The allegations of fraud have been republished nationwide and are readily accessible in an on-line search and in articles regarding the filing of the Complaint, including trade publications and associations that are directed at potential customers of similar equipment from the Defendant Jenco.

38.     The allegations of fraud set forth by the Plaintiff, and asserted to others are false, with no basis in fact, defamatory, and libelous and are done solely for the sole purpose of injuring the Defendants and have caused injury to the Defendants.

39.     The allegations of fraud published, spoken and otherwise disseminated by the Plaintiff are *per se* libel and slander and damages are presumed.

40.     Each Defendant has been damaged by the Plaintiff and they each seek monetary damages in the amount of $2,000,000.00 to compensate them for the harm they have suffered.

41.     Each Defendant has been damaged by the Plaintiff and they each seek punitive damages in the amount of $6,000,000.00 for the harm they have suffered for the deliberate, willful actions of the Plaintiff specifically intended to cause injury to the Defendants.

WHEREFORE, the Defendants, JENCO INDUSTRIAL SALES & SERVICES, LLC and EDWARD J.SIEJA demand Judgment against the Plaintiff as follows:

1.     The Complaint be dismissed with prejudice;

2.      Awarding the Defendant Jenco the amount of $1,548,438.27 as the amount due and owing to the Defendant Jenco;

3.      An order allowing the Defendant Jenco to sell equipment not yet delivered and apply the proceeds to the amount owed;

4.      Compensatory damages awarded to each Defendant in the amount of $2,000,000.00 to compensate them for the damages suffered as result of the libel and slander of the Plaintiff in the amount;

5.      Punitive damages awarded to each Defendant in the amount of $6,000,000.00;

6.      Pre=judgment and post judgment interest on the amount of $1,548,438.27;

7.      The Defendants be awarded all of their fees, costs and expenses incurred;

8.      The Defendants be awarded their reasonable attorneys' fees incurred;

9.      Any and all other relief to which the Defendants, JENCO INDUSTRIAL SALES & SERVICES, LLC and EDWARD J.SIEJA may appear entitled; and

9.      Trial by jury on all issues that may be presented before a jury;

Respectfully submitted,

/s/ *Bennett E. Bayer*

BENNETT E. BAYER
Ky. Bar 03853
Landrum & Shouse, LLP
106 West Vine Street, Suite 800
PO Box 951
Lexington, KY  40588-0951
Phone:   859-255-2424
Fax:        859-233-0308
BBayer@landrumshouse.com
Attorney for Defendants
Jenco Industrial Sales & Services, LLC, and
Edward J. Sieja

## CERTIFICATE OF SERVICE

I hereby certify on this the 5th day of November, 2019, a copy of the foregoing Answer and

Counterclaim was served electronically in accordance with the procedures of electronic filing upon

the attorneys of record for the Plaintiff as follows:

V. Brandon McGrath
BINGHAM GREENEBAUM DOLL LLP
2350 First Financial Center
255 East Fifth Street
Cincinnati, Ohio 45202
bmcgrath@bgdlegal.com

G. Christopher Van Bever
BINGHAM GREENEBAUM DOLL LLP
300 West Vine Street, Suite 1200
Lexington, Kentucky 40507
cvanbever@bgdlegal.com

David D. Pope *(Pro hac pending)*
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
71 South Wacker Drive
Chicago, Illinois 60606
dpope@beneschlaw.com

/s/ *Bennett E. Bayer*

Attorney for Defendants