UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| GENCANNA GLOBAL USA, INC., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | Civil Action No. 5: 19-387-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JENCO INDUSTRIAL SALES & | ) | **MEMORANDUM OPINION** |
| SERVICES, LLC, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants/Counterclaim Plaintiffs. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

GenCanna Global USA, Inc. has filed a motion to dismiss Count 3 of Jenco Industrial Sales & Service, LLC ("Jenco") and Edward J. Sieja's ("Sieja") Counterclaim which alleges slander, libel, and defamation. [Record No. 13] The motion to dismiss will be granted because the alleged defamatory statements were made during the course of this proceeding and are absolutely privileged.

# I.

GenCanna is in the business of extracting and distilling legal, non-intoxicating cannabidiol ("CBD") from industrial hemp. [Record No. 1, ¶ 9] Jenco deals in industrial equipment, including the kinds necessary to extract and distill CBD from hemp. *Id.* at ¶ 10. Sieja is Jenco's sole member. *Id.* at ¶ 11. According to GenCanna, the defendants agreed to provide it with three chillers and six "molecular three-stages distillation units." *Id.* at ¶ 12. The parties executed a series of purchase orders and, between September 2018 and May 2019, GenCanna made payments to the defendants totaling over $2,290,166.00. *Id.* at ¶ 15.

GenCanna alleges that the defendants eventually delivered one chiller and one molecular distillation unit; however, neither was functional. *Id.* at 16. GenCanna further contends that, as a result of the defendants' failure to deliver the promised equipment, it has lost millions of dollars in CBD sales this harvest season. *Id.* at 19. In addition to claims for breach of contract, promissory estoppel, and unjust enrichment, GenCanna brings a claim of fraud. With respect to the fraud claim, GenCanna alleges that Jenco and Sieja falsely represented that they would deliver the specified equipment, knew that their representation was false, and intended to induce GenCanna to act in reliance on the false representation. *Id.* at ¶¶ 25-31.

The defendants generally dispute GenCanna's allegations and assert that GenCanna breached the parties' agreement. Specifically, they allege that GenCanna failed to pay for all of the equipment and services it purchased under the contract. [Record No. 11, ¶ 1] The defendants further contend that any problems with the defendants' equipment were caused by GenCanna's own conduct.

The defendants have filed a counterclaim which includes claims for failure to pay for goods/breach of contract (count 1); liquidation of equipment (count 2); and slander, libel, and defamation (count 3). Count 3 provides, in part:

> The Plaintiff has deliberately and with malice attacked, impugned, and maligned the character of both defendants, by asserting allegations of fraud against the defendants within its Complaint, with intent to injure the Defendants and gain an impermissible advantage in civil litigation. The allegations of fraud have been republished nationwide and are readily available in an on-line search and in articles regarding the filing of the Complaint, including trade publications and associations that are directed at potential customers of similar equipment from the Defendant Jenco.

[Record No. 11, ¶¶ 36-37] GenCanna has filed a motion to dismiss count 3 of the Counterclaim.

## II.

The Court examines the sufficiency of the defendants' counterclaim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Generally, in determining whether a motion to dismiss should be granted, the Court must construe the counterclaim in the nonmoving party's favor, accept all factual allegations as true, and determine whether the pleading contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Although the pleading need not contain detailed factual allegations, it must contain factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

The merits of a claim are not considered in the Rule 12(b)(6) context. However, to the extent that the validity of an affirmative defense such as immunity, statute of limitations, or privilege is clear from the face of the pleading, dismissal may be appropriate based on the existence of such a defense. *See, e.g., Gibson v. American Bankers Ins. Co.*, 289 F.3d 943, 946 (6th Cir. 2002).

## III.

A prima facie case for defamation, whether as an action for libel or slander, requires proof of defamatory language about the plaintiff; an unprivileged publication to a third party; and fault amounting to at least negligence by the publisher. *Toler v. Süd-Chemie, Inc.*, 458 S.W.3d 276, 281-82 (Ky. 2014); *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 793 (Ky. 2004). "Kentucky courts have long recognized that statements in judicial proceedings, if relevant to the issues involved, are absolutely privileged, even though it may be claimed that

they are false and alleged with malice." *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1126 (6th Cir. 1990). Clearly, allegations made in a complaint, such at those at issue here, constitute "statements in judicial proceedings." *See Heavrin v. Nelson*, 384 F.3d 199, 202 (6th Cir. 2004) (citing *Schmitt v. Mann*, 163 S.W.2d 281, 283 (1942) (statements in pleadings filed in judicial proceedings are privileged)).

The defendants contend that GenCanna's fraud allegation does not fall within the ambit of the judicial statements privilege because it is not "material, pertinent, and relevant to the judicial proceeding." *See Morgan & Pottinger, Attorneys, P.S.C. v. Botts*, 348 S.W.3d 599, 602 (Ky. 2011) (overruled on other grounds by *Maggard v. Kinney*, 576 S.W.3d 559 (Ky. 2019)). But it is difficult to conceive how the plaintiff's fraud allegation is not relevant to this proceeding, which was initiated when the plaintiff filed its complaint and which includes the fraud allegation. It is notable that the defendants have failed to identify a single case in which a claim made in a complaint was deemed not relevant to the judicial proceeding. And the defendants' assertion that the plaintiff's fraud allegation is not pleaded with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure does not make it irrelevant or not "pertinent" to the litigation.

For the privilege to apply, the challenged statements need only have "some relation" to the subject matter of the action. *See Smith v. Hodges*, 199 S.W.3d 185, 194 (Ky. Ct. App. 2005); Restatement (Second) of Torts § 587 cmt. c (1977) ("[W]hile a party may not introduce into his pleadings defamatory matter that is entirely disconnected with the litigation, he is not answerable for defamatory matter volunteered or included by way of surplusage in his pleadings if it has any bearing upon the subject matter of the litigation."). Both parties agree that this action concerns a breach of the parties' purchase agreement for certain industrial

equipment.  At the very least, it is plain that GenCanna's claim that the defendants falsely represented that they would deliver the equipment and intended to induce GenCanna to act in reliance on the false representation bears "some relation" to the subject matter of the action. While the defendants/counterclaimants would twist the relevancy requirement into something more onerous, they have not identified any authority indicating that doing so would be appropriate in this context.

The defendants' argument concerning publication of the alleged defamatory statements outside of the Complaint is unpersuasive.  In response to GenCanna's motion to dismiss, the defendants report that "the entirety of Count 3 refers to the *Complaint* and the baseless allegations set out within the *Complaint*." [Record No. 14, p. 5 (emphasis in original)]  In the next breath, they contend that the judicial statements privilege does not apply because "the [p]laintiffs have published their allegations, or the allegations have been published outside of the *Complaint*, which is not in any case protected as within the pleadings." *Id.* at pp. 5-6 (emphasis in original).

The judicial statements privilege is based upon the public interest in providing all people "the utmost freedom of access to the courts of justice for settlement of their private disputes [and] to protect parties to any action before a judicial tribunal." Restatement (Second) of Torts § 587 cmts. a, b (1977).  It makes little sense that the privilege would apply to allegations made in a complaint when filed in the court record but not when a third-party online database decides to publish the complaint.  In a similar vein, it simply does not stand to reason that a complaint and its contents are covered by the privilege, while the fact of the complaint's filing is not.  Again, the defendants have not provided any authority to support their assertion that the privilege does not apply in this context.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** that GenCanna's motion to dismiss Count 3 of the defendant's Counterclaim [Record No. 13] is **GRANTED**.

Dated: January 8, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky